**DYKEMA GOSSETT LLP**
Ashley R. Fickel (Bar No. 237111)
*afickel@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
ST. PAUL MERCURY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GUESS?, Inc.,<br>Plaintiff,<br>vs.<br>ST. PAUL MERCURY INSURANCE COMPANY,<br>Defendant. | Case No.:<br><br>**DEFENDANT ST. PAUL MERCURY INSURANCE COMPANY'S NOTICE OF REMOVAL** |

Defendant St. Paul Mercury Insurance Company ("Travelers"), pursuant to 28 U.S.C. § 1441, hereby removes to this Court the case styled *Guess?, Inc. v. St. Paul Mercury Insurance Company*, Case No. 20STCV05297, from the Superior Court of the State of California for the County of Los Angeles, based on the following grounds:

1. On or after February 7, 2020, Plaintiff Guess?, Inc. ("Plaintiff") filed a complaint in the Superior Court of the State of California for the County of Los Angeles (the "Complaint").

2. The Complaint names Travelers as the sole defendant in that case.

3.      Travelers was served by personal service through its registered agent on February 28, 2020, and received the summons and complaint on February 28, 2020.  True and correct copies of the February 28, 2020 transmittal letter with the summons, complaint and other case initiating documents are attached as Exhibit A.

4.      This Notice of Removal is filed within thirty (30) days of Travelers' receipt of the Complaint, making removal of this action timely under 28 U.S.C. § 1446(b).

5.      This case is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a).  This civil action is between citizens of different states and, based on the allegations in the Complaint, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      Specifically, Plaintiff is a corporation duly organized under the laws of Delaware with its principal place of business in California.

7.      Defendant Travelers is a corporation organized under the laws of the state of Connecticut with its principal place of business in Connecticut.

8.      The amount in controversy requirement is satisfied.  Plaintiff expressly alleges that it "has suffered damages in excess of $4 million."  Ex. A., Compl., ¶ 21.

9.      Pursuant to 28 U.S.C. § 1446(d), Travelers will promptly give notice, upon filing this Notice of Removal, to all parties of record and to the Clerk of the Superior Court of the State of California for the County of Los Angeles.

10.     The summons, complaint and other case initiating documents attached to this Notice of Removal as Exhibit A were the only filings in this action served on Travelers, and therefore this Notice of Removal includes all process, pleadings, and orders served on Travelers to date.

Therefore, having met all the requirements for removal under 28 U.S.C. § 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. §

1332, Travelers gives notice that it removes the captioned case to the United States District Court for the Central District of California.

DATED: March 26, 2020 DYKEMA GOSSETT LLP

By: /s/ Ashley R. Fickel
ASHLEY R. FICKEL
Attorneys for Defendant
ST. PAUL MERCURY INSURANCE COMPANY

759403.000245 4817-3582-5592.1

3
ST. PAUL MERCURY INSURANCE COMPANY'S NOTICE OF REMOVAL

# Exhibit A

**BARNES & THORNBURG LLP**

2029 Century Park East
Suite 300
Los Angeles, CA 90067
310-284-3880
310-284-3894 (Fax)

www.btlaw.com

**Matthew B. O'Hanlon**
310-284-3878
Matthew.O'Hanlon@btlaw.com

February 28, 2020

**Via Personal Service**

St. Paul Mercury Insurance Company
c/o Corporation Service Company dba CSC—Lawyers
Incorporating Service, Designated Agent for Service of Process
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Re: *Guess?, Inc. v. St. Paul Mercury Insurance Company et al.*, Los Angeles County Superior Court Case No. 20STCV05297 (the "Lawsuit")

Dear Sir or Madam:

We represent Plaintiff Guess?, Inc. ("Guess") in connection with the above referenced Lawsuit against Defendant St. Paul Mercury Insurance Company ("St. Paul"). We are writing you in your capacity as St. Paul's designated agent for service of process. Enclosed please find the summons, complaint and other case initiating documents pertaining to the Lawsuit. As St. Paul is aware, the Lawsuit seeks insurance coverage pertaining to underlying claims involving highly-sensitive and confidential allegations. The details of these claims were provided to St. Paul in confidence and, notwithstanding the filing of the Lawsuit, St. Paul must maintain the details of those claims in confidence.

To ensure the confidentiality of information concerning the claims, Guess' position is that to extent any such confidential information must be filed it the Litigation, it must be filed **under seal**. To that end, enclosed please find a proposed stipulated protective order. For purposes of clarity and avoidance of doubt, if St. Paul violates its confidentiality obligations and/or otherwise takes any steps to disclose the details of the claims in the Lawsuit or otherwise, Guess will hold St. Paul responsible for its bad faith conduct and for the irreparable injury St. Paul will have caused Guess. St. Paul should remember that under California law, the subject policy's implied covenant of good faith and fair dealing does not terminate with the filing of litigation, and Guess can and will use any further bad faith conduct by St. Paul as evidence in the Lawsuit. *See, e.g., White v. Western Title Ins. Co.*, 40 Cal. 3d 877, 885-86 (1985).

Of course, nothing in this letter is, or shall be deemed to be, a waiver of any factual or legal position, or of any rights, of Guess, all of which are expressly reserved.

Yours very truly,

Matthew O'Hanlon

Matthew B. O'Hanlon

Enclosures

Cc: David P. Schack, Esq.

Electronically FILED by Superior Court of California, County of Los Angeles on 02/07/2020 01:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV05297

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
ST. PAUL MERCURY INSURANCE COMPANY, a corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

GUESS?, INC., a corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
20STCV05297

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David P. Schack, Barnes & Thornburg LLP, 2029 Century Park East, Suite 300, Los Angeles, CA 90067 / 310-284-3880

DATE: *(Fecha)* 02/07/2020 Sherri R. Carter Executive Officer / Clerk of Court Clerk, by *(Secretario)* Romunda Clifton , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of (specify): Defendant St. Paul Mercury Insurance Company

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Page 6

Electronically FILED by Superior Court of California, County of Los Angeles on 02/07/2020 04:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV05297

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rupert Byrdsong

**BARNES & THORNBURG LLP**
David P. Schack (SBN 106288)
Matthew B. O'Hanlon (SBN 253648)
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone: 310-284-3880
Facsimile: 310-284-3894

Attorneys for Plaintiff Guess?, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

GUESS?, INC., a corporation;

Plaintiff,

v.

ST. PAUL MERCURY INSURANCE COMPANY, a corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 20STCV05297

**COMPLAINT FOR:**

1) **BREACH OF CONTRACT;**
2) **TORTIOUS BREACH OF CONTRACT;**
3) **UNFAIR COMPETITION; AND**
4) **DECLARATORY RELIEF**

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**COMPLAINT**

Page 7

Plaintiff Guess?, Inc. ("Guess") alleges as follows:

**FIRST CAUSE OF ACTION**

**(Breach of Contract Against All Defendants)**

1. Guess is, and at all relevant times has been, a corporation duly organized under the laws of Delaware.

2. Guess is informed and believes, and on the basis of such information and belief alleges, that Defendant St. Paul Mercury Insurance Company ("St. Paul" or the "Insurer") is, and all relevant times has been: (a) a corporation; and (b) is engaged in the business of providing insurance to persons and entities in the County of Los Angeles.

3. The names and true capacities, whether individual, corporate or otherwise, of the defendants named herein as Does 1 through 50, inclusive, are unknown to Guess, who therefore sues said defendants by such fictitious names. Guess is informed and believes, and on the basis of such information and belief alleges, that Does 1 through 50, inclusive, or some of them, participated in some or all of the acts as hereinafter alleged and are liable to Guess. St. Paul and Does 1 through 50, inclusive, are sometimes hereinafter referred to as "Defendants."

4. St. Paul issued, among others, Employment Practices Liability Policy No. 594CM2405 to Guess with a policy period of November 1, 2008 to November 1, 2009 (the "Policy").

5. The Policy contains an Employment Practices Liability Coverage Section providing as follows: "The Insurer shall pay on behalf of the Insureds Loss for which the Insureds become legally obligated to pay on account of any Claim first made against them, individually or otherwise, during the Policy Period or, if exercised, the Discovery Period, for a Wrongful Employment Practice taking place before or during the Policy Period." The Policy also provides that: "The Insurer shall pay on behalf of the Insureds Loss for which the Insureds become legally obligated to pay on account of any Third Party Claim first made against them, individually or otherwise, during the Policy Period or, if exercised, the Discovery Period, for a Wrongful Third Party Practice taking place before or during the Policy Period."

6. The Policy defines "Claim," in relevant part, to include "a written demand against any Insured for monetary damages," or "a civil proceeding against any Insured commenced by the service

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

of a complaint or similar pleading," brought "by or on behalf of any past, present or prospective employee of the Company, any Independent Contractor, any Leased Employee, or any federal, state or local governmental body, for a Wrongful Employment Practice."

7. The Policy defines "Third Party Claim" to include a "written demand against any Insured for monetary damages" or a "civil proceeding against any Insured commenced by the service of a complaint or similar proceeding" for a Wrongful Third Party Practice.

8. The Policy defines "Wrongful Employment Practice" to include any actual or alleged: "1. violation of any federal, state or local law or statute or any common law, prohibiting any kind of employment-related discrimination; 2. employment-related harassment, including any type of sexual harassment...; 3. abusive or hostile work environment, whether based on gender, religion, age, disability, race, national origin, pregnancy, marital status or sexual orientation; ... 4. wrongful discharge or termination of employment, whether actual or constructive; [or] 5. employment-related wrongful infliction of emotional distress;... committed or attempted by any of the Insureds in their capacity as such."

9. The Policy defines "Wrongful Third Party Practice" to mean any actual or alleged: "1. violation of any federal, state or local law or statute or any common law, prohibiting any kind of discrimination, including discrimination based on gender, religion, age, disability, race, national origin, pregnancy, marital status or sexual orientation; or 2. any type of sexual harassment, including unwelcome sexual advances, requests for sexual favors, or other verbal, visual or physical conduct of a sexual nature, committed or attempted by any of the Insureds in their capacity as such...." For purposes of applying the coverage afforded by the Policy for Wrongful Third Party Practices, the Policy specifies that Wrongful Employment Practices means a Wrongful Third Party Practice as well.

10. The Policy defines "Loss" to mean, in pertinent part, "the amount which the Insureds become legally obligated to pay on account of each Claim and for all Claims first made against them in the Policy Period . . . for Wrongful Employment Practices for which coverage applies, including, but not limited to, damages (including compensatory damages and front and back pay damages), judgments, settlements and Defense Costs."

11. The Policy defines "Defense Costs" means "the part of Loss consisting of reasonable

costs, charges, fees and expenses including but not limited to attorneys' fees, investigators' fees, and experts' fees incurred in the defense or investigation of Claims, and the premium for appeal, attachment, or similar bonds. Defense Costs do not include regular or overtime wages, salaries or fees of the directors, officers or employees of the Company."

12. The Policy defines "Interrelated Wrongful Employment Practices" as "all Wrongful Employment Practices that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of related facts, circumstances, situations, events, transactions or causes."

13. The Policy provides that "all Claims arising out of the same Wrongful Employment Practices and all Interrelated Wrongful Employment Practices of the Insured(s) shall be deemed one Claim, and such Claim shall be deemed to be first made on the date the earliest of such Claims is first made against them, regardless of whether such date is before or during the Policy Period."

14. Between February 2018 and February 2019, certain claimants made claims against Guess alleging Wrongful Employment Practices and/or Wrongful Third Party Practices (the "Claims"). Certain of the claimants alleged that the Claims involved Interrelated Wrongful Employment Practices with a prior lawsuit that Guess had tendered to St. Paul under the Policy back in 2009 (the "Prior Lawsuit"). St. Paul had accepted coverage for the Prior Lawsuit under the Policy.

15. Guess tendered the Claims to St. Paul under the Policy and has explained that certain of the claimants had alleged that the Claims asserted involved conduct constituting Interrelated Wrongful Employment Practices with the Prior Lawsuit.

16. Under the Policy, St. Paul was and is obligated, *inter alia,* to defend and indemnify Guess in connection with the Claims.

17. St. Paul has failed and refused to comply with its duty to defend and indemnify Guess in connection with the Claims.

18. As a result of St. Paul's breach of its obligations under the Policy, Guess has been improperly forced to bear (1) substantial fees and costs in the defense of the Claims and (2) certain indemnity payments.

19. Guess has duly performed all conditions required under the Policy, except any that were excused by St. Paul's breaches and/or other conduct.

20. The aforesaid conduct of St. Paul constitutes material breaches of the Policy, including, without limitation, breaches of the duty to defend and indemnify Guess in connection with the Claims.

21. As a direct and proximate result of St. Paul's breaches of contract, Guess has suffered damages in excess of $4 million, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**(Tortious Breach of Contract Against All Defendants)**

22. Guess incorporates by reference each and every allegation contained in Paragraphs 1 through 21 above as though fully set forth herein.

23. The Policy contains an implied covenant of good faith and fair dealing requiring, *inter alia*, that St. Paul act in good faith and deal fairly with Guess and take no action to interfere with Guess' rights to receive benefits which it reasonably expected to receive under the Policy. St. Paul has tortiously breached that implied covenant of good faith and fair dealing, as hereinabove alleged, in that it, among other things:

(a) Wrongfully, intentionally and in bad faith refused to honor obligations to defend and indemnify Guess in connection with the Claims;

(b) Wrongfully, intentionally and in bad faith failed and refused to pay defense costs and expenses owing in connection with the Claims;

(c) Wrongfully, intentionally, unreasonably and in bad faith failed and refused to evaluate the Claims in an objective fashion and instead wrongfully, intentionally, and unreasonably denied coverage at the outset without conducting any investigation;

(d) Wrongfully and in bad faith engaged in an unreasonable and arbitrary interpretation of the Policy;

(e) Fraudulently misrepresented and falsely promised that it would defend and indemnify Guess under the Policy for claims seeking damages for, *inter alia*, Wrongful Employment Practices and/or Wrongful Third Party Practices (including Interrelated Wrongful Employment Practices) when it had no intention of doing so. Among other things and without limitation, in connection with the issuance of the Policy on January 29, 2009, St. Paul's President Brian MacLean

agreed in writing to provide the coverage promised in the Policy;

(f) Wrongfully, intentionally and in bad faith failed and refused to inform Guess of its rights under the Policy, but instead sought to impose impermissible conditions on those benefits;

(g) Wrongfully, intentionally and in bad faith failed and refused to respond to communications from Guess in a timely fashion and engaged in improper delays;

(h) Wrongfully, intentionally and in bad faith forced Guess to incur the expense of filing the within action to recover benefits owing under the Policy;

(i) Wrongfully, intentionally and in bad faith damaged Guess' business by failing and refusing to pay fees and costs incurred in connection with the Claims and forcing Guess to pay amounts to settle certain of the Claims; and

(j) Wrongfully, intentionally and in bad faith placed its own interests above those of the Guess.

24. As a direct, proximate and foreseeable result of the aforesaid intentional and wrongful conduct, Guess has suffered damages in excess of $4 million in an amount to be proven at trial.

25. In order to recover the Policy benefits sought herein, and as a result of St. Paul's bad faith and tortious breach of contract, Guess has been and will be forced to incur attorneys' fees, and related expenses and costs.

26. Guess is informed and believes, and on that basis alleges, that St. Paul engaged in the aforesaid conduct: (a) with a willful and conscious disregard of Guess' rights; (b) with the intent to injure Guess; and (c) in order to subject Guess to cruel and unjust hardships in disregard of its rights such as to constitute oppression, fraud and malice under California Civil Code Section 3294. By reason of the foregoing, Guess is entitled to recover punitive damages from St. Paul for the sake of example and to punish and deter St. Paul in a sum to be determined by the trier of fact.

**THIRD CAUSE OF ACTION**

(Unfair Competition Against All Defendants)

27. Guess incorporates by reference each and every allegation contained in Paragraphs 1 through 26 above as though fully set forth herein.

28. Defendants' conduct alleged herein constitutes unlawful, unfair and fraudulent business practices in violation of the California Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200 *et seq.*) Among other things, and without limitation:

a. St. Paul's bad faith refusal to comply with its duty to defend and indemnify the Claims was unlawful, unfair and fraudulent and constituted a tortious breach of the subject Policy as hereinabove alleged; and

c. St. Paul's aforementioned misrepresentations to Guess regarding Guess' rights under the Policy and applicable law violated, *inter alia*, the implied covenant of good faith and fair dealing in the subject Policy.

29. Guess has lost money as a result of the Defendants' unfair competition.

30. In light of the foregoing, Guess is entitled to an injunction under the UCL restraining Defendants from engaging in the unlawful, unfair and fraudulent conduct alleged herein, as well as to restitution of those amounts obtained by Defendants through their unfair competition.

**FOURTH CAUSE OF ACTION**

(Declaratory Relief Against All Defendants)

31. Guess incorporates by reference each and every allegation contained in Paragraphs 1 through 30 above as though fully set forth herein.

32. An actual, present and justifiable controversy now exists between Guess and St. Paul with respect to Guess' rights and St. Paul's duties under the Policy. Guess contends as follows:

(a) The Claims involve Interrelated Wrongful Employment Practices with the claims asserted in the Prior Lawsuit as detailed above;

(b) St. Paul is and was obligated to fulfill its defense obligations to Guess in the Claims as detailed above;

(c) St. Paul is and was obligated to fulfill its indemnity obligations to Guess in connection with the Claims as detailed above;

(d) As part of its duty to defend, St. Paul is and was obligated to pay Guess' defense fees and expenses as they are incurred, and without delay; and

(e) St. Paul is obligated to act in good faith toward Guess in connection with the Claims and otherwise.

33. Guess is informed and believes, and on the basis of such information and belief alleges, that St. Paul disputes the aforesaid contentions and contends otherwise.

34. Guess is now entitled to a declaration of its rights and St. Paul's duties under the Policy (a) to avoid a multiplicity of actions; (b) so that the parties will know their rights, duties and obligations under the Policy; and (c) so that Guess will receive the benefits under said Policy. Specifically, Guess is entitled to a declaration that its contentions, as set forth in Paragraph 32, are correct.

## PRAYER FOR RELIEF

WHEREFORE, Guess prays for judgment as follows:

1. Under the First Cause of Action, for compensatory damages in excess of $4 million according to proof;

2. Under the Second Cause of Action, for compensatory damages in excess of $4 million, punitive damages according to proof, and reasonable attorney's fees and costs incurred in obtaining the benefits due under the Policy;

3. Under the Third Cause of Action, for restitution and temporary, preliminary and permanent injunctive relief restraining Defendants from engaging in acts of unfair competition as alleged herein;

4. Under the Fourth Cause of Action, for a declaration of parties' rights, duties and obligations under the subject Policy, and specifically a declaration that Guess' contentions are correct;

5. For pre-judgment interest in accordance with law;

6. For expenses and costs incurred herein; and

///

///

///

///

7. For such other and further relief as this Court deems just and proper.

**BARNES & THORNBURG LLP**

Dated: February 7, 2020

By: ______________________
David P. Schack
Matthew B. O'Hanlon
Attorneys for Plaintiff Guess?, Inc.

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

DMS 13478129

8

COMPLAINT

Page 15

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/07/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Romunda Clifton Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV05297 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Rupert A. Byrdsong | 28 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 02/10/2020 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Romunda Clifton, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | FILED Superior Court of California County of Los Angeles 02/20/2020 Sherri R. Carter, Executive Officer / Clerk of Court By: Sounjia Alexander Deputy |
| PLAINTIFF: Guess?, Inc., a Corporation | |
| DEFENDANT: St. Paul Mercury Insurance Company, a Corporation | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 20STCV05297 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 06/08/2020 | Time: 8:30 AM | Dept.: 28 |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 02/20/2020

Rupert A. Byrdsong / Judge
Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

David Paul Schack
2029 Century Park E Ste 300
Los Angeles, CA 90067

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/20/2020

By Sounjia Alexander
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

2019-GEN-014-00

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By ________, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT – MANDATORY ELECTRONIC FILING FOR CIVIL

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Kevin C. Brazile

KEVIN C. BRAZILE
Presiding Judge

7
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

Page 25

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| | |

The following parties stipulate:

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

STIPULATION – DISCOVERY RESOLUTION

Page 3 of 3

Page 29

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ____________ (INSERT DATE) for the complaint, and ____________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR PLAINTIFF)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR DEFENDANT)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR DEFENDANT)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR DEFENDANT)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR ____________)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR ____________)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR ____________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION AND ORDER – MOTIONS IN LIMINE | | CASE NUMBER |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

The following parties stipulate:

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR PLAINTIFF)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR DEFENDANT)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR DEFENDANT)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR DEFENDANT)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR _______________)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR _______________)

Date:

_______________ (TYPE OR PRINT NAME) ➤ _______________ (ATTORNEY FOR _______________)

THE COURT SO ORDERS.

Date: _______________ _______________ JUDICIAL OFFICER

 Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager **info@mediationLA.org** (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

**These organizations cannot accept every case and they may decline cases at their discretion.**
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

**BARNES & THORNBURG LLP**
David P. Schack (SBN 106288)
Matthew B. O'Hanlon (SBN 253648)
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone: 310-284-3880
Facsimile: 310-284-3894

Attorneys for Plaintiff Guess?, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GUESS?, INC., a corporation;<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL MERCURY INSURANCE COMPANY, a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 20STCV05297<br><br>**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER THEREON** |

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER THEREON**

Page 37

**STIPULATION FOR PROTECTIVE ORDER**

WHEREAS, the subject matter of this litigation involves dispute regarding insurance coverage for certain claims alleging Wrongful Employment Practices and/or Wrongful Third Party Practices under the meaning of the subject insurance policy (the "Claims").

WHEREAS, the allegations of the Claims are non-public, highly confidential, and private and should not be part of the public court file or otherwise disclosed to the public;

WHEREAS, in the course of this litigation, the parties anticipate submitting various pleadings and motions to the Court concerning the Claims. The parties also anticipate demanding to inspect and copy records and documents. Some documents may contain sensitive personal, proprietary, or confidential information with respect to the Claims or otherwise. The documents may include the details of the Claims, financial records, records of business transactions, including proprietary information, and other privileged information. The parties (and third-parties, to the extent applicable) may also give deposition testimony and answer written discovery during the course of this litigation. This list is illustrative and is not, nor intended to be, exhaustive; and

WHEREAS, the purpose of this Stipulation for Protective Order (the "Protective Order") is to: (a) protect the confidentiality of certain information that may be produced in pleadings, document productions, written discovery responses, and deposition testimony with respect to the Claims and otherwise; and (b) limit the use of such materials to this litigation exclusively.

ACCORDINGLY, IT IS HEREBY AGREED AND STIPULATED by and between Plaintiff Guess?, Inc. ("Guess") and Defendant St. Paul Mercury Insurance Company ("St. Paul"), by and through their respective counsel, that the following procedures shall be employed and the following restrictions shall govern during this litigation with respect to the disclosure of any information, documents, or things obtained by any party to this action where such items are asserted or contain or comprise private, confidential, or proprietary information:

1. For purposes of this Protective Order, the following definitions shall apply:

   a. "Confidential Material:" Information (regardless of how created, generated, stored or maintained) or tangible things that have not been made public, the disclosure of which the disclosing party contends could cause harm to the

business operations of the disclosing party or provide improper advantage to others, as well as information that includes non-public personal or private information, including without limitation personal financial information. **For purposes of clarity and avoidance of doubt, all documents and/or information concerning the Claims shall constitute "Confidential Material" and shall be filed under seal pursuant to the procedures set forth in California Rules of Court ("CRC") Rule 2.551 *et seq*. Furthermore, all documents and/or information concerning the Claims that Guess provided to St. Paul prior to the filing of this litigation shall be deemed retroactively marked as "Confidential Material."**

b. In making the designation of materials pursuant to this Protective Order, the producing or designating party shall give due consideration to whether the information contained in the materials (1) has been produced, disclosed, or made available to the public in the past, (2) has been published, communicated, or disseminated to others not obligated to maintain the confidentiality of the information contained therein, (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality, or (4) is available from a third party or commercial source that is not obligated to maintain its confidentiality or privacy.

2. This Protective Order shall govern the production, use, and handling of Confidential Material in documents filed in this litigation and documents produced by any party or third-party that provides discovery in connection with the above-captioned action (hereinafter referred to as "Parties" or "Party"), including document productions, responses to written discovery, and deposition testimony. All Confidential Material subject to this Protective Order shall be used solely for the prosecution and/or defense of this action and shall not be used by any other Party, other than the Party that produced it, in any other litigation, for business, for competitive purposes, or for any other purpose whatsoever.

3. A Party shall designate Confidential Material by placing a "CONFIDENTIAL" stamp

on each page so designated, for each document or information that, in good faith, the Party believes is Confidential Material. Any testimony designated as "CONFIDENTIAL" shall be so designated by a Party at the time of said deposition or within seven (7) business days of receipt of the deposition transcript, whichever is the later. Documents and written discovery responses shall be designated as "CONFIDENTIAL" at the time of production or, if another Party other than a producing Party seeks to designate documents or written discovery as "CONFIDENTIAL," such other Party must do so within seven (7) business days of receipt of the documents or written discovery responses.

4. Confidential Material shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except those listed in Paragraphs 5 and 6 below, without the advance written authorization of the Party that produced it.

5. Confidential Material may only be disclosed to the following:

a. The Court, subject to Paragraph 6 below;

b. The attorneys of record for the parties to this litigation, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this litigation;

c. Experts retained or consulted by any Party or their counsel as required to assist in the conduct of this litigation, including any employee of such expert, to the extent that counsel of record determines that disclosure is necessary for the prosecution or defense of this litigation, provided that prior to disclosure, any such expert (and any employee) is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms set forth in Exhibit A hereto;

d. The Parties to this litigation and their employees, to the extent that their respective counsel determines that such disclosure is necessary for the prosecution or defense of this litigation;

e. Clerical or ministerial service providers, including outside copying services and court reporters, retained by a Party's counsel to assist such counsel in

connection with this litigation, provided that prior to disclosure, any such provider is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms set forth in Exhibit A hereto;

f. Authors, addressees or recipients of the Confidential Material;

g. Any person called to testify as a witness either at a deposition or court proceeding in the litigation, but only to the extent necessary to assist in the preparation or examination of the witness, and only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in the materials designated as "Confidential;" and

h. Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in this litigation;

6. This Protective Order is to facilitate the exchange of records and information in discovery. It does not govern sealing records pursuant to the procedures set forth in CRC Rule 2.551 *et seq*. **Confidential Material may only be presented to the Court pursuant to the procedures set forth in CRC Rule 2.551.**

7. Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the Court any Material designated as Confidential, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the Parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as addressed above are followed. Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability, or admissibility.

8. Subject to the provisions of the Code of Civil Procedure and the Evidence Code, nothing in this Protective Order shall in any way limit the uses that the Parties may make of their own Confidential Material. **Except with respect to documents concerning the Claims**, to the extent a

designating Party elects to publicly disclose its own Confidential Material in a court filing (by not filing it under seal) all other Parties may do so as well.

9. Within thirty (30) days of the conclusion of all proceedings, each Party shall return all Material designated "CONFIDENTIAL" to the Party on whose behalf such Material was produced or, at the option of the producing Party, counsel for each Party shall certify in writing that such material has been destroyed. Each party returning or destroying Confidential Material is responsible for any costs associated with the return and/or destruction of such Materials. Notwithstanding the above, each Party shall be entitled to retain (1) one original copy of all discovery materials produced and (2) all materials incorporating any Confidential Material. Furthermore, the Parties expressly agree that electronic discovery may make absolute compliance with this provision impractical and therefore expect good faith efforts of compliance.

10. This Protective Order shall continue to be binding throughout this litigation and after its conclusion. The final award in this action shall not relieve any person to whom Confidential Material has been disclosed from the obligation of maintaining the confidentiality of such information as set forth herein.

11. Nothing herein shall operate as a waiver of the right of any person to object on any ground to the admissibility of any Confidential Material in connection with this litigation. Nothing herein shall prevent a witness from reviewing a transcript of his or her deposition testimony and any exhibits thereto, in accordance with the California Code of Civil Procedure, or any stipulation placed on the record by counsel.

12. All disputes concerning matters falling within the scope of or relating to the interpretation of this Protective Order shall be submitted for ruling to the above-captioned Court. At any hearing on such submitted matter, the Parties shall make all reasonable attempts to ensure that all persons not specifically contemplated by Paragraphs 5 and 6 shall be excluded from the hearing.

13. By entering into this Protective Order, the Parties do not waive any right(s) to assert the attorney-client privilege, work product doctrine, or any other objection that could be raised in response to any request to produce documents, interrogatory, and/or deposition examination.

14. The inadvertent production in discovery of any privileged or otherwise protected or

exempted information, or Confidential Material, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including without limitation the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing Party shall immediately notify receiving party in writing when inadvertent production is discovered. Upon receiving written notice from the producing Party that privileged information or work-product material has been inadvertently produced, the receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the designating Party. In addition, once notified of the production of inadvertent privileged information, the receiving Party shall, if such material has previously been disclosed to others by the receiving Party, take reasonable steps to obtain all such previously disclosed material and advise such persons of the claims of privilege.

15. Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court. The foregoing remedies shall be in addition to any other common law or statutory relief available for violation of the terms of this Protective Order.

16. Agreeing to produce or receive Material designated as "CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

a. Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Material;

b. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or the evidence subject to this Protective Order;

c. Prejudice in any way the rights of any Party to petition the Court for a further

protective order, or modification or amendment of this Protective Order, relating to Confidential Material;

d. Prevent any designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Material.

17. This Protective Order need not be signed and entered into by the Court in order for the Protective Order to be effective between the Parties having executed this Protective Order and the Protective Order shall be effective from the date executed by a specific Party or its counsel.

**IT IS SO STIPULATED.**

**BARNES & THORNBURG LLP**

Dated: February ___, 2020

By: ______________________________
David P. Schack
Matthew B. O'Hanlon
Attorneys for Plaintiff Guess?, Inc.

[INSERT FIRM]

Dated: February ___, 2020

By: ______________________________
[INSERT NAME]
Attorneys for Defendant St. Paul Mercury Insurance Company

**[PROPOSED] ORDER**

The stipulation of the Parties is approved and is hereby adopted as the Order of this Court.

Dated: ______________________

By: ______________________________
Hon. Rupert A. Byrdsong

**EXHIBIT A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, ______________________________, declare as follows:

I have received a copy of Stipulation for Protective Order (the "Protective Order") regarding confidential information in the action entitled *Guess?, Inc. v. St. Paul Mercury Insurance Company et al.,* Los Angeles County Superior Court Case No. 20STCV05297 (the "Litigation"). I have carefully read and understand the provisions of the Protective Order.

I have read the Protective Order and am familiar with its terms. On behalf of myself and the business organization with which I am employed or affiliated, if one exists, I agree to comply with and be bound by the Protective Order and agree not to disclose any Confidential Material.

I hereby submit myself and my business organization, if one exists, to the jurisdiction of the Los Angeles County Superior Court for the limited purpose of any proceeding relating to performance under, compliance with, or violation of the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: ____________ Signed:________________________________

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# PROOF OF SERVICE

**Guess?, Inc. v. St. Paul Mercury Insurance Company**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On March 26, 2020, , I served true copies of the following document(s) described as **DEFENDANT ST. PAUL MERCURY INSURANCE COMPANY'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

David P. Schack, Esq.
Matthew B. O'Hanlon, Esq.
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Tel: (310) 284-3880 / Fax: (310) 284-3894
Email: david.schack@btlaw.com / matthew.o'hanlon@btlaw.com
***Attorneys for Plaintiff***
GUESS?. INC.

☒ **BY MAIL:** A copy of the enclosed document(s) was placed in a sealed envelope and addressed to the persons at the address list above and mailed by Express Network.

☒ I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 26, 2020, at Los Angeles, California.

/s/ Ashley R. Fickel
Ashley R. Fickel

EXPRESS NETWORK

/s/ Cynthia Lopez
Cynthia Lopez

759403.000245